IN THE UNITED STATES DISTRICT COURT FOR THE
                              EASTERN DISTRICT OF VIRGINIA
                                  ALEXANDRIA DIVISION

UNITED STATES OF AMERICA,     )
                              )
v.                            )    CRIMINAL ACTION NO. 03-523
                              )    CIVIL ACTION NO. 05-179
JOSE MANUEL BARZOLA,          )
                              )
        Petitioner.           )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Petitioner, Jose Manuel Barzola's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Mr. Barzola is a federal inmate proceeding *pro se*. This Court sentenced Mr. Barzola to one hundred eighty-eight months in prison, a $100.00 special assessment, and five years supervised release, pursuant to Mr. Barzola's guilty plea to the charge of conspiracy to distribute five kilos or more of cocaine. The issues before the Court are: (1) whether defense counsel's failure to object to a two point enhancement for gun possession not charged in the indictment and not admitted by the petitioner constituted ineffective assistance of counsel; (2) whether the two point sentence enhancement was unconstitutional because the indictment did not charge Barzola with and Barzola did not admit to possessing a weapon; and (3) whether the Assistant United States Attorney breached a plea agreement with Petitioner. The Court denies Petitioner's motion because counsel's failure to object to the two point enhancement did not constitute

ineffective assistance of counsel, the enhancement did not affect Petitioner's sentence and was therefore constitutional, and the government did not breach the plea agreement because it is in the government's sole discretion to file a Rule 35 motion.

## I. BACKGROUND

Petitioner Jose Manuel Barzola ("Petitioner," "Mr. Barzola") pled guilty to conspiring to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 846. Neither the indictment nor the plea agreement stated that Mr. Barzola possessed a gun during the course of the offense. Supplement to 2255 Mot. at 2-3. At sentencing, however, the Court enhanced Mr. Barzola's sentencing level by two points after the government asserted that Mr. Barzola possessed a gun. Defense counsel did not object to or present argument about the two point enhancement of Petitioner's sentence. *Id.* at 2. On February 27, 2004, this Court sentenced Mr. Barzola to 188 months imprisonment, five years supervised release, and a $100.00 special assessment fee.

Petitioner alleges that the Assistant United States Attorney induced Petitioner into signing the plea agreement by promising that she would file a Rule 35 motion for downward departure following the sentence if Petitioner assisted in the government's investigation of criminal activity. Supplement to 2255 Mot. at 3-4. As evidence of his reliance on the government's promise,

Petitioner presents letters he received from his attorney and his attorney's letters to the Assistant United States Attorney.  *Id.* at Attachments.  The first letter from defense counsel to the Assistant United States Attorney requests that the government give Petitioner further opportunity to assist with investigations.  *Id.* at 1.  The second states that Petitioner was not attempting to compromise the government's criminal investigation.  *Id.* at 2.  The third requests that the Assistant United States Attorney make a Rule 35 Motion.  *Id.* at 3.  The final letter is from defense counsel to Petitioner notifying Petitioner that defense counsel contacted the Assistant United States Attorney to express Petitioner's desire to assist the government.  *Id.* at 4.  The plea agreement, however, states that the decision to file a Rule 35 motion is in the government's "sole discretion."  Plea Agm't at 7-8, 10.  The government has not, to date, filed a Rule 35 motion.  On February 15, 2005, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence on the grounds that: (1) defense counsel provided ineffective assistance because defense counsel failed to object to the two point sentencing enhancement for the gun charge, (2) Petitioner's sentence was illegally enhanced by two points, and (3) the government breached its plea agreement with the petitioner because the Assistant United States Attorney has not filed a Rule 35 motion for downward departure.

## II. DISCUSSION

**A.  Standard of Review**

A federal prisoner may move the court to vacate, set aside, or correct that sentence under 28 U.S.C. § 2255.  The Court may grant relief if: (1) the prisoner's sentence violates the Constitution or the laws of the United States; (2) the court that imposed the sentence did not have jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000).

Rule 4 of the rules governing § 2255 proceedings states that a judge may dismiss or review a § 2255 petition without a reply.  28 U.S.C. § 2255; *see U.S. v. Oliver,* 865 F.2d 600, 601 (4th Cir. 1989).  Courts have a strong concern for preserving the finality of judgments by limiting collateral attacks, particularly with respect to convictions based on guilty pleas.  *United States v. Timmreck*, 441 U.S. 780, 784 (1979).  In order to collaterally attack a sentence based on errors that the petitioner could have but did not pursue on direct appeal, the movant must demonstrate (1) cause for the procedural default and (2) actual prejudice as a result of the alleged error.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Noble v. Barnett*, 24 F.3d 582, 586 n.5 (4th Cir. 1994).  Additionally, the petitioner may excuse his or her procedural

default by demonstrating that he or she was "actually innocent" of the aggravating act if the Court applied a career offender or other habitual offender guideline provision and its inclusion in the sentencing calculus prejudiced the petitioner. *United States v. Maybeck*, 23 F.3d 888, 891-92, 894 (4th Cir. 1994).

Where the petitioner claims ineffective assistance of counsel, the cause and prejudice standard does not apply because the issue is raised properly for the first time in a § 2255 motion. *See United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). The Court reviews ineffective assistance of counsel claims under a standard highly deferential to counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Accordingly, the Court will review Mr. Barzola's claim of ineffective assistance of counsel under the *Strickland* standard. Mr. Barzola's other claims, however, which Petitioner failed to raise on direct appeal, are barred from review unless Mr. Barzola can demonstrate cause and prejudice for his default. Arguing that he was actually innocent of the aggravating charge is irrelevant here because Mr. Barzola's sentence enhancement was due to gun possession rather than a career or habitual offender provision.

**B.   Analysis**

*Ground I: Sixth Amendment Violation - Ineffective Assistance of Counsel at Sentencing*

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel at sentencing because Petitioner cannot establish that defense counsel's actions resulted in prejudice to the petitioner.  To find ineffective assistance of counsel, the Court must conclude that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance actually prejudiced the petitioner and resulted in a fundamentally unfair outcome of the proceedings.  *Strickland*, 466 U.S. at 690, 694; *Spencer v. Murray*, 18 F.3d 229, 232-33 (4th Cir. 1994).  The Court does not need to review the reasonableness of counsel's performance if petitioner fails to show prejudice. *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998).

Defense counsel's failure to object to the two point enhancement did not affect the outcome of the proceeding.  The Court does not address whether defense counsel's performance was deficient because the Court finds that even if defense counsel was deficient, Petitioner cannot prove that counsel's errors resulted in actual prejudice.  *See id.*  Mr. Barzola alleges that defense counsel was ignorant of the Sixth Amendment because counsel did not object to or present argument about the two point

6

enhancement of Petitioner's sentence for a charge not in the indictment nor admitted by Petitioner.  Supplement to 2255 Mot. at 1.

The Court concludes that Petitioner would not have received a different sentence had defense counsel objected to the two point enhancement.  Petitioner's 188 month sentence is well within the sentencing guidelines for distributing over five kilograms of cocaine.  The minimum sentence for Petitioner's offense is 120 months imprisonment and the maximum term is life imprisonment, regardless of whether Petitioner possessed a weapon.  21 U.S.C. § 841(b)(1)(A)(ii)(I).  Therefore, the Court finds that Petitioner received a proper sentence and the Court would not have reduced the sentence if defense counsel had objected to the two point enhancement.  The Court accordingly denies Ground I of Petitioner's § 2255 Motion because defense counsel's failure to object did not prejudice Petitioner.

Furthermore, the two point enhancement was appropriately applied in this case because the case was decided before *Booker*.  In *U.S. v. Booker*, 125 S.Ct. 738 (2005), the Court held that the mandatory nature of the United States Sentencing Guidelines is unconstitutional.  *Id. at* 746.  The judgment of conviction was entered on February 27, 2004.  The Supreme Court decided the *Booker* case on January 12, 2005.  Defense counsel cannot be faulted for not anticipating *Booker*.  *Booker* is not retroactive

under *Teague v. Lane*, 489 U.S. 288, 289 (1989) which states that "new constitutional rules of criminal procedure generally should not be applied retroactively to cases on collateral review." *Id.* at 289. *Booker* is not retroactively applied to cases on collateral review. *Id.* The Court sentences with the law in effect on the day of sentencing.

> *Ground II: Fifth and Sixth Amendment Violation - Illegal Two Point Enhancement*

The Court denies Petitioner's claim of Fifth and Sixth Amendment violations because possessing a weapon was not an element of the charge and the sentence was within the guidelines for the proper elements of the charge; therefore Petitioner cannot establish prejudice with regard to the two point enhancement. This Court sentenced Petitioner under the United States Sentencing Guidelines which are keyed to the drug quantity for the crime established in 21 U.S.C. § 841(a)(1). Petitioner notes that the government must charge the elements of an offense in the indictment, submit them to a jury, and prove them beyond a reasonable doubt. Supplement to 2255 Mot. at 2 (citing *Jones v. United States*, 526 U.S. 227, 232 (1999)). Petitioner goes on to state that the indictment did not charge Barzola with possessing a weapon nor did Barzola admit to such a possession. Possession of a weapon, however, is not an element of Petitioner's crime, conspiracy to distribute five kilograms or more of cocaine. Neither 21 U.S.C. § 841(a)-(b) nor § 846, the statutes Petitioner

pled guilty to and was sentenced under, mention possessing a weapon.  The elements of the crime charged are (1) knowingly and intentionally (2) distributing five kilograms or more of a substance containing a detectable amount of cocaine.  Further, 21 U.S.C. § 841(b)(1) specifically lists the penalty for this crime as imprisonment for no less than ten years (120 months) and no longer than life.  The 188 month sentence by this Court is within that range.  Therefore, the sentence did not violate the Fifth or Sixth Amendments, and the Court accordingly denies Ground II of Petitioner's motion.

   *Ground III: Fifth Amendment Due Process Violation - Breach of Plea Agreement*

The Court denies Petitioner's Fifth Amendment violation claim because there is no evidence that the Assistant United States Attorney promised to file a downward departure motion if Petitioner pled guilty.  In *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court held that "when a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Id.* at 262.  In *Santobello*, however, the government conceded that a subsequent prosecutor breached a plea agreement made by a previous prosecutor on the case.  The government makes no such concession here.  Additionally, Petitioner concedes that the Assistant United States Attorney was "not totally obligated to file a Rule

9

35 motion." Supplement to 2255 Mot. at 4; *see also* FED. R. CRIM. P. 35(b) (stating that the Court may reduce a defendant's sentence if the government makes a motion, the defendant provided substantial assistance in an investigation, and the reduction is in accordance with the sentencing guidelines). Further, there is no express or implied promise concerning a Rule 35 motion in the plea agreement. *See* Plea Agm't at 7, 10. Finally, the evidence Petitioner presented with his 28 U.S.C. § 2255 motion also does not establish that the Assistant United States Attorney promised Petitioner she would make a Rule 35 motion. Instead, the evidence consists only of the following letters from defense counsel to the Assistant United States Attorney: (1) requesting that the government give Petitioner further opportunity to assist with investigations, (2) stating that Petitioner was not attempting to compromise the government's criminal investigation, and (3) requesting that the Assistant United States Attorney make a Rule 35 Motion. Supplement to 2255 Mot., Attachments. In addition, defense counsel sent a letter to Petitioner notifying Petitioner that he contacted the Assistant United States Attorney to express Petitioner's desire to assist the government. *Id.* The Court accordingly denies Ground III of Petitioner's Motion because Petitioner failed to establish that Petitioner accepted the plea agreement because he believed the Assistant United States Attorney would make a subsequent Rule 35 motion.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __26th___ day of July, 2005.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
07/26/05